# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

WESLEY JEFFERSON
ADC #104933                                                                                           PETITIONER

V.                                    NO. 5:15CV00186 JM/JTR

WENDY KELLY, Director,
Arkansas Department of Correction                                                      RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

Mail any objections to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

# I. Background

Petitioner, Wesley Jefferson ("Jefferson"), has filed a 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus.[1] *Doc. 2* He attacks his 2006 convictions for capital murder, aggravated robbery, theft of property, and fleeing. *Id.*

Jefferson challenged *the same convictions* in an earlier § 2254 habeas Petition, which was denied by United States District Judge James M. Moody. *Jefferson v. Norris*, E.D. Ark. No. 5:10CV00167 JMM, at *docs. 23-24*.[2] Jefferson was later denied a Certificate of Appealability by the Eighth Circuit. *Id.* at 30.

On June 9, 2015, Jefferson initiated the current § 2254 habeas action. *Doc. 2*. For the reasons discussed below, the Court recommends that the Petition be dismissed, without prejudice, because Jefferson has not obtained permission from the Eighth Circuit Court of Appeals to file a successive habeas action. *See* Rule 4 of the Rules Governing § 2254 Cases.

# II. Discussion

This is a successive § 2254 habeas action challenging Jefferson's 2006 convictions for capital murder, aggravated robbery, theft of property, and fleeing. Only the Eighth Circuit Court of Appeals has the authority to grant permission to file a successive § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a

---

[1] Jefferson has also filed a Motion to Proceed *In Forma Pauperis*. *Doc. 1*. Based on the provided financial information, he is eligible to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915.

[2] While Jefferson's original habeas action was pending, he filed a second habeas action attacking the same convictions, *Jefferson v. Hobbs*, E.D. Ark. No. 5:10CV00321 JMM, which was dismissed as successive.

second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Until Jefferson obtains the required authorization from the Eighth Circuit, this Court lacks jurisdiction to proceed with this habeas action.[3] *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's Motion to Proceed *In Forma Pauperis*, *Doc. 1*, be GRANTED;

2. The 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. 2*, be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition;

3. A Certificate of Appealability be DENIED, *see* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); and

---

[3] Finally, Jefferson has filed a "Motion to Proceed Under 28 U.S.C. § 2254, Petitioner Being Unable To Pay State Filing Fees Thereby Exhaust[ing] Available State Remed[ies]." *Doc. 3*. In this Motion, Jefferson argues that the ADC and the state courts have prevented him from exhausting his remedies by denying him *in forma pauperis* status in various state habeas actions. At best, Jefferson's arguments go to "cause" that might excuse his procedural default of certain habeas claims. However, these arguments are moot until he receives permission from the Eighth Circuit to proceed with a successive habeas action.

4.       Petitioner's "Motion to Proceed Under 28 U.S.C. § 2254" (*doc. 3*) be DENIED, AS MOOT.

DATED this 25th day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE